United States District Court
Southern District of Texas
ENTERED
August 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN PEDRO CORREA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00230 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER OF TRANSFER**

This is a habeas action filed on August 5, 2026, by a state prisoner incarcerated at the Garza West Unit in Beeville, Texas. (D.E. 1). In his complaint, Plaintiff challenges his 2024 Hidalgo County convictions. (D.E. 1).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in Beeville, Texas, which is within the Corpus Christi Division of the Southern District of Texas and he was convicted by a court located in the McAllen Division of the Southern District of Texas. 28 U.S.C. § 124(b)(7).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought. 28 U.S.C. §§ 1404(a) and 1406(a). A habeas application may be transferred in furtherance of justice to the district court within which the state court was held which convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because Petitioner was convicted in Hidalgo County, it is more convenient and would further the interests of justice for this action to be handled in the McAllen Division of the Southern District of Texas. The records of his conviction and the prosecutor and defense lawyers are all located in the McAllen Division of the Southern District of Texas.

Accordingly, it is ordered that this case be transferred to the United States District Court for the Southern District of Texas, McAllen Division. All pending motions are **DENIED as moot** and are subject to renewal after the case is transferred. The Clerk of Court is **DIRECTED** to close this case.

ORDERED on August 6, 2026.

Jason B. Libby
United States Magistrate Judge